S:\Elke\TRUSTEE ASSET CASES\Averbach, Rhoda\AVERBACH.548.wpd

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-----------------------------------------------------------x
In re:

RHODA J. AVERBACH,

                                  Debtor.
-----------------------------------------------------------x
THOMAS GENOVA, as Trustee for
RHODA J. AVERBACH ,
                                  Plaintiff,

        -against-

ANTHONY SCIARRONE,

                                  Defendant.
-----------------------------------------------------------x

**CHAPTER 7**

**CASE NO. 11-35340 (CGM)**

**ADV. PRO. NO.:**

**COMPLAINT TO AVOID DEBTOR'S FRAUDULENT TRANSFER AND RECOVER
PROPERTY  PURSUANT TO 11 U.S.C. §§ 548 AND 550**

        THOMAS GENOVA, as Trustee, ("Trustee" or "Plaintiff"), by his attorneys, GENOVA & MALIN, complaining of, ANTHONY SCIARRONE, herein referred to as (the "Defendant"), respectfully alleges:

        1.        The Plaintiff is the Trustee in this case.

        2.        The Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. Sections 548, and 550.

        3.        On February 15, 2011, an Order for Relief under 11 U.S.C. Chapter 7 was entered upon a Petition filed by the Debtor.

        4.        On February 15, 2011, the Trustee was appointed as the Chapter 7 Trustee of the Debtor's case.

        5.        On March 10, 2011, a Meeting of the Creditors was held pursuant to 11

U.S.C. §341, the ("341 Meeting"); the Debtor appeared Pro Se.

6. On March 11, 2011, the Trustee sent a letter to the Debtor stating that the 341 Meeting was adjourned to March 31, 2011: and the Debtor was to produce the following documents:

1. the debtor's 2010 Tax Returns;

2. a completed and amended Means Test Analysis;

3. the title to the Debtor's 2008 Subaru Imprezza Outback; and

4. photographs of her 2008 Subaru Imprezza Outback

7. On March 18, 2011, the Trustee filed a Notice of Possible Dividends.

8. This Complaint seeks to avoid a fraudulent transfer of the Defendant's stocks, investments accounts, cash and other property pursuant 11 U.S.C. §§548; the New York Debtor and Creditor Law of the State of New York ("NYD&CL"); and to recover said transfer for the benefit of the Estate pursuant to 11 U.S.C. §550.

9. Specifically, Plaintiff is seeking the entry of a judgment authorizing and permitting Plaintiff to recover certain fraudulently transferred property of the Defendant.

**PRE-BANKRUPTCY TRANSFERS BY THE DEBTOR**

10. In or about September 24, 2008, the Debtor and her husband, ANTHONY SCIARRONE, sold their residence located 74 Regina Road, Airmont, New York, 10952, for approximately, ONE HUNDRED EIGHTY-ONE THOUSAND SEVEN HUNDRED SIXTY-FOUR DOLLARS and FORTY-NINE CENTS, ($181,764.49). Annexed hereto, as Exhibit "A" is a copy of the checks that the Debtor and her husband received for the sale of their former residence.

11. In or about September 25, 2008, the Debtor and her husband deposited ONE HUNDRED EIGHTY-ONE THOUSAND SEVEN HUNDRED SIXTY-FOUR DOLLARS and FORTY-NINE CENTS ($181,764.49), into a Certificate of Deposit ("CD") at Wachovia Bank. Annexed hereto, as Exhibit "B" is a copy of the Debtor's and her husband's CD statement.

12. In or about May 15, 2009, the Debtor and her husband withdrew the funds in the Wachovia CD and received approximately ONE HUNDRED SEVENTY-EIGHT THOUSAND DOLLARS ($178,000.00), set forth in her Statement of Financial Affairs; and corroborated by the Debtor's testimony at the 341 Meeting held on March 10, 2011. (See this Court's Docket).

13. In or about May 18, 2009, the Debtor's husband purchased a townhouse located at 5608 Boulder Way, Wappingers Falls, NY 12590. Debtor and her husband currently reside at said address. Same was set forth on the Debtor's Statement of Financial Affairs and corroborated by the Debtor's testimony at the 341 Meeting.

14. Attorney, MICHAEL P. FARLEY, ESQ., prepared the Deed and Contract of Sale of said residence. Furthermore, the Bargain and Sale Deed indicates that the Debtor's husband is the sole owner of the residence; whereby the Debtor is not listed on the Deed or Title to the residence. Annexed hereto, as Exhibit "C" is a copy of the Bargain and Sale Deed.

15. In or about May 15, 2008, the Debtor's husband paid MICHAEL P. FARLEY, as attorney, the sum of ONE HUNDRED SEVENTY-EIGHT THOUSAND DOLLARS ($178,000.00), and the sum of ONE HUNDRED TWELVE THOUSAND FIVE HUNDRED DOLLARS ($112,500.00) for a total sum of TWO HUNDRED NINETY

THOUSAND FIVE HUNDRED DOLLARS ($290,500.00). Annexed hereto, as Exhibit "D" is a copy of said checks.

16. Upon information and belief the Debtor's husband purchased the above noted residence for approximately TWO HUNDRED NINETY THOUSAND FIVE HUNDRED DOLLARS ($290,500.00). As such, the funds withdrawn from the Wachovia CD on May 15, 2009, were used to purchase the residence located at 5608 Boulder Way, Wappingers Falls, NY 12590.

17. Upon information and belief the Debtor transferred her interest in the Wachovia CD without receiving any compensation.

18. The Trustee has not been provided with any documentation indicating that the Debtor has received fair consideration for transferring her interest in the Wachovia CD to her husband.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiff repeats, reiterates and realleges paragraphs 1 through 18 with the same force and effect as if fully set forth at length herein.

20. The Bankruptcy Code at Section 548(a) sets forth that:

(a) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily -

(A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or . . .

4

21.     Furthermore, the Bankruptcy Code at Sections §548(a)(1)(B)(i),(ii) and

(I),

(III) and (IV) states:

> (B)
> (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> (ii)
> (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . .
> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
> (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

22.     Transfers that occurred on or within TWO (2) years before the date of filing, may be avoided by the trustee pursuant to 11 U.S.C. §548(a)(1).

23.     The Debtor transferred her FIFTY PERCENT (50%) interest in the Wachovia CD to her husband, ANTHONY SCIARRONE, approximately FIFTEEN (15) months prior to the date of the Debtor's filing.

24.     The Debtor received less than a reasonable equivalent value in exchange for the transfer and, as alleged herein, was insolvent on the date the transfer was made, or became insolvent as a result of such transfer.

25.     The Debtor transferred her interest in the Wachovia CD and intended to incur, or believed that the she would incur, debts that would be beyond the her ability to pay as such debts matured.

26.     The Debtor transferred her interest in the Wachovia CD to or for the

5

benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

27. The transfer was fraudulent pursuant to 11 U.S.C. §548(a)(1)(B)(i)(ii), (I), (III) and/or (IV).

28. Pursuant to 11 U.S.C. §550(a) the recovery of the property for benefit of the debtor's estate is authorized under 11 U.S.C. §548(a)(1) to avoid the transfer.

### AS AND FOR A SECOND CAUSE OF ACTION

29. Plaintiff repeats, reiterates and realleges paragraphs 1 through 28 with the same force and effect as if fully set forth at length herein.

30. The Bankruptcy Code at Section 550(a) provides that

". . . to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from - (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made."

31. Pursuit to §550(a), the Chapter 7 Trustee may avoid the transfer by the Debtor of her FIFTY PERCENT (50%) interest in the Wachovia CD, on May 15, 2009; and demands turnover of the value of the Debtor's FIFTY PERCENT (50%) interest in Wachovia CD in the amount of EIGHTY-NINE THOUSAND DOLLARS ($89,000.00) to the Chapter 7 Trustee for the benefit of the bankruptcy estate together.

**WHEREFORE,** the Trustee respectfully demands judgment as follows:

a. avoiding all of the Debtor's transfer pursuant to 11 U.S.C. §548; and

b. against, ANTHONY SCIARRONE, recovering the transfer, or the value of such transfer as of the date it was made, pursuant to 11 U.S.C. §550(a); and

   c. with such other and further relief as the Court may deem just, proper, and equitable; and Grant such other relief as this Court deems just and proper.

Dated: Wappingers Falls, New York
   March 22, 2011

           GENOVA & MALIN
           Attorneys for Trustee

     By: /s/Thomas Genova
        THOMAS GENOVA, (TG4706)
        Hampton Business Center
        1136 Route 9
        Wappingers Falls, New York 12590